**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Lawrence MARINO, Defend-
ant-Appellant.**

**No. 383, Docket 23937.**

United States Court of Appeals
Second Circuit.

Argued May 11, 1956.

Decided June 1, 1956.

Dennis C. Mahoney, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Herbert S. Siegal, New York City, for defendant-appellant.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

Since there was ample evidence to support defendant's conviction for selling heroin and conspiring to violate the federal narcotic laws, he centers his attack on this appeal on a claim of error in the admission of "hearsay" of other crimes of defendant. Admittedly no exception was taken at the trial; he now asks us to take note of it as plain and prejudicial error. But the issue was initiated and pressed by the defendant as the very basis of his case to show that he was not the type of young man to engage in the illegal transactions alleged; and whatever evidence the prosecution developed along this line was only such as was proper to oppose these tactics of defense. Defendant obviously was entitled to pursue this course when he thought it beneficial, and cannot now complain if it was not successful.

But one other matter deserves mention: a claim of alleged inconsistency in the conviction on the conspiracy count, while the jury found for defendant on two of the three substantive counts alleging sales of the drug. We need not stop to consider whether or not the jury's actions are subject to a practical rationalization, since it is well settled that it is not the function of ap-

pellate review to look for or require rational consistency between verdicts of a jury. See United States v. Costello, 2 Cir., 221 F.2d 668, 676, citing cases, affirmed Costello v. United States, 350 U.S. 359, 76 S.Ct. 406.

Affirmed.